UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------

DAVID HOLLEY,

                        Plaintiff,                    COMPLAINT

     -against-

                                                      JURY TRIAL DEMANDED

THE CITY OF NEW YORK, DET NELSON PABON, Shield No.
7335, Individually and in his Official Capacity, and Police Officers
"JOHN DOE" 1-5, Individually and in their Official Capacities, the
names "JOHN DOE" being fictitious as the true names are not presently
known,

                        Defendants.
-------------------------------------------------------------------------

Plaintiff, **DAVID HOLLEY**, by and through his attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**, as and for his Complaint, respectfully alleges, upon information and belief:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States of America.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, DAVID HOLLEY, is, and has been, at all relevant times, a resident of the City and State of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9. At all times hereinafter mentioned, the individually named defendants, DET. NELSON PABON, and POLICE OFFICERS "JOHN DOE" 1 through 5, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

11. Each and all of the acts of the defendants alleged herein were done by said

defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## FACTS

13. On or about August 14, 2012, at approximately 1:25 p.m., plaintiff DAVID HOLLEY, was lawfully present in his vehicle outside of his home at 66 St. Nicholas Place in the County and State of New York.

14. At that time and place, the individually named officers approached plaintiff's vehicle, ordered him out, and immediately handcuffed his arms tightly behind his back.

15. Thereafter, the individually named defendants conducted a full search of plaintiff's vehicle, causing damage to its interior.

16. Said search did not reveal any evidence of criminal or unlawful activity whatsoever.

17. At no time on August 14, 2012 did plaintiff commit any crime or violation of law.

18. At no time on August 14, 2012 did defendants possess probable cause to arrest plaintiff.

19. At no time on August 14, 2012 did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

20. At no time on August 14, 2012 did defendants posses probable cause or any privilege to search the plaintiff's vehicle.

21. Defendants thereafter transported plaintiff to a nearby police precinct.

22. In connection with plaintiff's arrest, the defendants filled out false and/or misleading police reports and forwarded them to prosecutors at the New York County District Attorney's Office.

23. As a result of the defendants' conduct, the plaintiff was charged with Criminal Possession of a Controlled Substance in the Seventh Degree.

24. Thereafter, defendants repeatedly gave false and misleading testimony regarding the facts and circumstances of plaintiff's arrest.

25. Specifically, defendants falsely, knowingly, and maliciously alleged that they observed plaintiff inside a vacant apartment in possession of crack cocaine.

26. As a direct result of his unlawful arrest and the unlawful acts of the defendants, plaintiff spent approximately thirty-six hours in custody.

27. Additionally, as a direct result of the defendants' unlawful actions, plaintiff spent approximately six months making numerous court appearances.

28. Despite defendants' actions, all charges against plaintiff, DAVID HOLLEY, were dismissed on April 10, 2013.

29. As a result of the foregoing, plaintiff DAVID HOLLEY sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

### FIRST CLAIM FOR RELIEF FOR DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

30. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

31. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

32. All of the aforementioned acts deprived plaintiff, DAVID HOLLEY, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and were therefore in violation of 42 U.S.C. §1983.

33. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

34. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

35. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF FOR FALSE ARREST UNDER 42 U.S.C. § 1983

36. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

37. As a result of the defendants' conduct, plaintiff was subjected to illegal, improper and false arrest, taken into custody, and caused to be falsely imprisoned, detained, and confined without any probable cause, privilege, or consent.

38. As a result of the foregoing, plaintiff's liberty was restricted, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF FOR
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

39. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

40. Defendants misrepresented and falsified evidence before the New York County District Attorney.

41. Defendants did not make a complete and full statement of facts to the District Attorney.

42. Defendants withheld exculpatory evidence from the District Attorney.

43. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff, DAVID HOLLEY.

44. Defendants lacked probable cause to initiate criminal proceedings against plaintiff, DAVID HOLLEY.

45. Defendants acted with malice in initiating criminal proceedings against plaintiff, DAVID HOLLEY.

46. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff, DAVID HOLLEY.

47. Defendants lacked probable cause to continue criminal proceedings against plaintiff, DAVID HOLLEY.

48. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

49. Specifically, defendants falsely, maliciously, and knowingly alleged that plaintiff was in possession of a controlled substance on August 14, 2012.

50. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal

proceedings were terminated in plaintiff's favor on or about April 10, 2013 when the charges against him were dismissed.

51.     As a result of the foregoing, plaintiff's liberty was restricted, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

### FOURTH CLAIM FOR RELIEF
### FOR UNLAWFUL SEARCH UNDER 42 U.S.C. § 1983

52.     Plaintiff, DAVID HOLLEY, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

53.     Plaintiff was subjected to a search of his vehicle without privilege or consent causing damage to the interior of said vehicle.

54.     As a result of the foregoing, plaintiff, DAVID HOLLEY, was subjected to an unreasonable and intrusive search of his vehicle in violation of his right to be free from unreasonable search, as secured by the Constitution of the United States.

### FIFTH CLAIM FOR RELIEF
### FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

54.     Plaintiff, DAVID HOLLEY, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

55.     Defendants arrested and incarcerated plaintiff, DAVID HOLLEY, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety, and violate his constitutional rights.

56.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent

authority attendant thereto.

57. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

58. Those customs, policies, patterns, and practices include, but are not limited to:

   i. requiring officers to make a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

   ii. requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

   iii. failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

   iv. failing to properly train police officers in the requirements of the United States Constitution.

59. The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

   i. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

   ii. arresting individuals regardless of probable cause in order to positively affect precinct-wide statistics;

   iii. falsifying evidence and testimony to support those arrests;

   iv. falsifying evidence and testimony to cover up police misconduct.

60. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department constitute a deliberate indifference to the safety, well-being and constitutional rights of plaintiff, DAVID HOLLEY.

61.  The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

62.  The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

63.  As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, plaintiff was incarcerated unlawfully.

64.  Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff.

65.  Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff's constitutional rights.

66.  All of the foregoing acts by defendants deprived plaintiff of federally protected constitutional rights, particularly his Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

## PENDANT STATE CLAIMS

67.  Plaintiff, DAVID HOLLEY, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

68.  On or about May 24, 2013, and within (90) days after the claims herein accrued, the plaintiff duly served upon, presented to and filed with defendant, THE CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General

Municipal Law §50(e).

69. Defendant THE CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

70. Defendant THE CITY OF NEW YORK conducted a hearing pursuant to General Municipal Law § 50-h on September 30, 2013.

71. This action was commenced within one (1) year and ninety (90) days after the causes of action herein accrued.

72. Plaintiff has complied with all conditions precedent to maintaining the instant action.

73. This action falls within one or more of the exceptions as outlined in C.P.L.R. §1602.

### SIXTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### MALICIOUS PROSECUTION

74. Plaintiff, DAVID HOLLEY, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

75. Defendants misrepresented and falsified evidence before the New York County District Attorney.

76. Defendants did not make a complete and full statement of facts to the District Attorney.

77. Defendants withheld exculpatory evidence from the District Attorney.

78. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff, DAVID HOLLEY.

79. Defendants lacked probable cause to initiate criminal proceedings against

plaintiff, DAVID HOLLEY.

80. Defendants acted with malice in initiating criminal proceedings against plaintiff, DAVID HOLLEY.

81. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff, DAVID HOLLEY.

82. Defendants lacked probable cause to continue criminal proceedings against plaintiff, DAVID HOLLEY.

83. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

84. Specifically, defendants falsely, maliciously, and knowingly alleged that plaintiff was in possession of a controlled substance.

85. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff's favor on or about April 10, 2013 when the charges against him were dismissed.

86. As a result of the foregoing, plaintiff's liberty was restricted, he was put in fear for his safety, he was humiliated and his constitutional rights were violated.

### SEVENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

87. Plaintiff, DAVID HOLLEY, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

88. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

89. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

90. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

91. The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff.

92. As a result of the aforementioned conduct, plaintiff suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### EIGHTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION

93. Plaintiff repeats, reiterates and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

94. Defendant, CITY OF NEW YORK, selected, hired, trained, retained, assigned and supervised all members of its Police Department, including the defendants individually named above.

95. Defendant, CITY OF NEW YORK, was negligent and careless when it selected, hired, trained, retained, assigned, and supervised all members of its Police Department including the defendants individually named above.

96. Due to the negligence of the defendants as set forth above, plaintiff suffered physical and mental injury, pain and trauma, together with embarrassment, humiliation, shock, fright, and loss of freedom.

**WHEREFORE**, the plaintiff respectfully requests judgment against defendants as follows:

    i. an order awarding compensatory damages in an amount to be determined at trial;

    ii. an order awarding punitive damages in an amount to be determined at trial;

iii. reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
November 11, 2013

Respectfully submitted,

**LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
*Counsel for the Plaintiff*

By: _____
MATTHEW SHROYER (MS-6041)
80 Maiden Lane, 12th Floor
New York, New York 10038
(212) 962-1020